IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACK BROWN,<br><br>                   Plaintiff,<br><br>    vs.<br><br>STATE OF NEBRASKA,<br><br>                 Defendant. | **8:24CV309**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Jack Brown ("Plaintiff"), a non-prisoner, filed his Complaint on August 8, 2024, Filing No. 1, which this Court construes as arising under 42 U.S.C. § 1983. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5.

The Court now conducts an initial review of Plaintiff's pro se Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e), and finds that it is. In lieu of dismissal this Court shall sua sponte grant Plaintiff leave to amend.

### I.  SUMMARY OF COMPLAINT

In the caption of the Complaint, Plaintiff lists the "State of Nebraska" as a defendant but then lists the following individuals as defendants in the Complaint's body: Pete Rickets ("Rickets"), Don Bacon ("Bacon"), and Deb Fisher ("Fisher"). Filing No. 1 at 1–2. Plaintiff also lists the "NE-Unicameral System" as a fourth defendant.[1]  Id. at 2.

---

[1] Under the section of the Complaint addressing diversity of jurisdiction (which Plaintiff does not allege), Plaintiff also lists "T.D. Ameritrade." Filing No. 1 at 4.  As Plaintiff did not formally name T.D. Ameritrade as a defendant, the Court will not further address T.D. Ameritrade in this Memorandum and Order.  If Plaintiff intends to name T.D. Ameritrade as a defendant, he should formally name T.D. Ameritrade as a defendant in his amended complaint.

As claims Plaintiff asserts violations of the First, Fifth, Sixth, Seventh, and Fourteenth Amendments. *Id.* at 3. The totality of support for his claims is as follows:

> The intertwinement of corp. and gov. has led to abuse of individual power and control of the electoral college that results in dep[rivation] of rights under color of law. NE. uincam[eral] system should be repealed.

*Id.* at 4. As relief, Plaintiff seeks $26 billion in damages and the abolition "small claim [d]ebt collections." *Id.*

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### III.  DISCUSSION OF CLAIMS

The Court has reviewed Plaintiff's Complaint, and although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, *and also* must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

As an initial matter, the Eleventh Amendment to the U.S. Constitution bars federal court actions for monetary relief by private parties against a state, a state agency, or an employee of a state in his or her official capacity.  *Widtfeldt v. Nebraska*, No. 8:08CV65, 2008 WL 2704237, at *2 (D. Neb. July 3, 2008) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.")).  The State of Nebraska therefore cannot be sued for monetary relief in this forum because it enjoys sovereign immunity from such claims.  *Id.*  As such, Plaintiff's claims against the State of Nebraska shall be dismissed with prejudice.

Moreover, while 42 U.S.C. § 1983 does provide individuals with a civil cause of action to recover damages for the deprivation of rights, even had Plaintiff brought suit under 42 U.S.C. § 1983, his Complaint remains deficient.  To proceed a plaintiff must

allege a violation of rights protected by the United States Constitution or created by federal statute *and also* must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West*, 487 U.S. at 48 (emphasis added); *Buckley*, 997 F.2d at 495.  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *West v. Atkins*, 487 U.S. 42, 49 (1988).

Regarding Plaintiff's naming of the Nebraska unicameral system as a defendant, the only "persons" that may be held liable under Section 1983 are natural persons or recognized political corporate entities.  *Id*.  The Nebraska's unicameral system is neither a natural person or a corporate entity, or an entity at all.  Instead, it is a governmental structure under which the Nebraska legislative body operates.  And while a unicameral system of government is created by state law, it is not a state agency, and even if it were, state agencies are not persons subject to suit under Section 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 & 70 (1989).  As such, the Nebraska Unicameral System is not an entity capable of suit and therefore must also be dismissed with prejudice.

Finally, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).  "The essential function of a complaint under the Federal

4

Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

It appears that Plaintiff intends to name United States Senator Rickets and Fisher, and United States House of Representative Bacon as defendants, although this Court can only guess regarding the defendant's identities and if their actions meet the "color of law" requirement under Section 1983 as Plaintiff does not allege the capacity under which these defendants are being sued, or any of their official job titles in his Complaint. However, even if the Court makes such an assumption, based on the facts as pleaded, it is not possible for this Court to determine if Plaintiff alleges defendants Rickets, Bacon, or Fisher acted under color of law as required by the statute as Plaintiff's Complaint contains no allegations describing what defendants Rickets, Bacon, or Fisher did to harm Plaintiff or any specific actions they may have undertaken that relate to his claims.

To reiterate, as neither the State of Nebraska or the Nebraska unicameral system are proper defendants, and because the Complaint wholly fails to comply with Federal Rule of Civil Procedure 8, the Complaint shall be dismissed in its entirety.

IT IS THEREFORE ORDERED: The Complaint, Filing No. 1, is dismissed without prejudice for failure to state a claim on which relief may be granted.  A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 22nd day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge